# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

RANDY TY'RICE SHAW,

    Plaintiff,

v.

MARY MITCHELL, et al.,

    Defendants.

Case No. EDCV 18-0176-CAS (JEM)

MEMORANDUM AND ORDER DISMISSING ALL CLAIMS AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES

On January 26, 2018, Randy Ty'Rice Shaw ("Plaintiff"), a federal prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

Plaintiff's First Amended Complaint ("FAC") was filed October 19, 2018. All of the Defendants named in the FAC are prison officials with the Federal Bureau of Prisons and are sued in their individual and official capacities. (FAC at 3-8.)[1] Plaintiff seeks only monetary damages. (FAC at 13.)

Plaintiff cannot state a claim for damages against Defendants in their official capacities. An official capacity suit against a federal employee is the same as a suit against the United States. Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 688

---

[1] The Court refers to the pages of the FAC as numbered by the CM/ECF system.

(1949); see also Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). "It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." Gilbert, 765 F.2d at 1458 (citing United States v. Shaw, 309 U.S. 495, 500-01 (1940); Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982); Beller v. Middendorf, 632 F.2d 788, 796 (9th Cir. 1980)). The waiver must be unequivocally expressed. United States v. Teston, 424 U.S. 392, 399 (1976). The United States has not waived sovereign immunity for suits for damages based on alleged civil rights violations by its employees. See, e.g., Thomas-Lazear v. Federal Bur. of Investigation, 851 F.2d 1202, 1207 (9th Cir. 1988); Clemente v. United States, 766 F.2d 1358, 1363 (9th Cir. 1985). Thus, the doctrine of sovereign immunity bars claims for monetary damages against federal actors sued in their official capacities. See, e.g., Gilbert, 756 F.2d at 1458 (barring suit against federal officials sued in their official capacities); Daly-Murphy v. Winston, 837 F.2d 348, 355-56 (9th Cir. 1987) (noting that a Bivens action can be maintained against a defendant in his or her individual capacity only and not in his or her official capacity).

All of the Defendants named in the FAC are federal officials who have been sued in their individual and official capacities for money damages. Plaintiff's claims against Defendants in their official capacities only are barred by sovereign immunity and must be dismissed.

**ORDER**

For the foregoing reasons, IT IS ORDERED that Plaintiff's claims against Defendants in their official capacities be dismissed with prejudice.

DATED: 11/9/2018

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE